IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CRYSTAL WILLIS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>NATIONAL COLLECTION SYSTEMS, INC., d/b/a NATIONAL CREDIT MANAGEMENT,<br><br>Defendants. | Civil Case Number:<br>1:17-cv-401<br><br>**CIVIL ACTION**<br>**CLASS ACTION COMPLAINT**<br>**AND**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff CRYSTAL WILLIS (hereinafter, "Plaintiff"), an Indiana resident, brings this class action complaint by and through her attorneys, Marcus & Zelman, LLC, against Defendant NATIONAL COLLECTION SYSTEMS, INC., d/b/a NATIONAL CREDIT MANAGEMENT (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1. Plaintiff brings this class action seeking damages, and declaratory and injunctive relief as a result of Defendant's actions in using an unfair and unconscionable means to collect a debt. Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

2. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C.

1

§ 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

3. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

6. Plaintiff is a natural person and a resident of Fort Wayne, Indiana, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

7. Defendant National Collection Systems, Inc., is a corporation incorporated in Missouri, which does business under the registered d/b/a National Credit Management.

8. Defendant is a collection agency with its principal office located at 10845 Olive Blvd., Ste.

210, St. Louis, MO 63141.

9. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

11. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

12. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following consumer classes (the "Class"):

> Class A: All (1) consumers in the United States who received a collection letter from the Defendant (2) attempting to collect a debt owed or allegedly owed to Ivy Tech Community College, (3) which set forth an amount owed, (4) and which failed to disclose that a percentage of that amount included collection costs added by Defendant rather than the actual balance of the debtor's account.
>
> Class B: All (1) consumers in the United States who received a collection letter from the Defendant (2) attempting to collect a debt or alleged debt owed to Ivy Tech Community College, (3) which debt included a twenty-five percent (25%) collection fee (4) which collection fee was not authorized by the agreement underlying the debt.

13. The Class period begins one year to the filing of this Action.

14. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of

3

persons who have received debt collection notices similar to Exhibit A from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form collection notice;

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a.  Whether Defendant violated various provisions of the FDCPA;

    b.  Whether Plaintiff and the Class have been injured by Defendant's conduct;

    c.  Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d.  Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual

- difficulties are likely to be encountered in the management of this class action.
- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed to proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.
- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## ALLEGATIONS OF FACT

15. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.
16. Some time prior to April 24, 2017, an obligation was allegedly incurred by Plaintiff to Ivy Tech Community College (ITCC).
17. The ITCC debt is a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.
18. The alleged ITCC obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).
19. ITCC is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

20. Defendant contends that the ITCC debt is past due.

21. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

22. ITCC hired the Defendant to collect on the alleged debt.

23. On a date prior to April 24, 2017, the Defendant caused to be delivered to the Plaintiff a collection letter in an attempt to collect the alleged ITCC debt ("the First Collection Letter").

24. The First Collection Letter was sent or caused to be sent by persons employed by Defendant as a "debt collector" as defined by 15 U.S.C. §1692a(6).

25. The First Collection Letter is a "communication" as defined by 15 U.S.C. §1692a(2).

26. The First Collection Letter stated in part:

> "Total Current Balance: 20.63"

27. Upon reading the letter from the Defendant, the Plaintiff mailed a dispute letter to the Defendant with regards to the alleged debt and requested verification.

28. On or about April 24, 2017, the Defendant sent a second collection letter to the Plaintiff. (the "Second Collection Letter"). *See* **Exhibit A.**

29. The Second Collection Letter stated in part:

| Principal | Interest | Collection Cost | Late Fees | Total Balance |
|---|---|---|---|---|
| $16.50 | $0.00 | $4.13 | $0.00 | $20.63 |

30. The First Collection Letter was sent or caused to be sent by persons employed by Defendant as a "debt collector" as defined by 15 U.S.C. §1692a(6).

31. The First Collection Letter is a "communication" as defined by 15 U.S.C. §1692a(2).

6

32. Upon information and belief, the Second Collection Letter letter was the Defendant's attempt at verifying the alleged debt.

33. Based on the April 24, 2017 letter, the Defendant is attempting to collect an amount that is $4.13 more than the principal balance owed, which apparently represents a 25% collection fee.

34. Upon information and belief, the Defendant has no legal or contractual right to charge a collection fee of $4.13.

35. By charging the Plaintiff a collection fee that they were not entitled to, Defendant harmed the Plaintiff.

36. Upon information and belief, Plaintiff never authorized the collection of such a 25% collection fee on her ITCC debt.

37. Upon information and belief, the collection of an undisclosed and unauthorized 25% collection fee is not expressly authorized by law.

38. Upon information and belief, the collection fee was a 25% contingent fee agreed to by Defendant and ITCC, i.e. the collection fee was a predetermined percentage of the total amount recovered for ITCC.

39. Upon information and belief, the collection fee bears no relation to and are greater than the collection costs actually incurred by Defendant or ITCC in their attempts to collect the account.

40. Upon information and belief, Defendant transmits hundreds of letters to consumers, similar to the said letter, which fails to initially disclose that any payments includes a 25% collection fee.  In each instance, payments unwittingly made by consumers are only partially attributed towards their balance actually owed, with the remainder of the money

being pocketed by the Defendant as an undisclosed collection fee.

41. In each instance, Defendant charges the consumer with an undisclosed, unfair, illegal and unauthorized collection fee.

42. This practice misleads consumers by creating the false impression that they are paying amounts actually owed on their accounts, when in fact, a large portion of the amounts paid are never credited towards the amount actually owed on the debt.

43. Upon information and belief, there is no legal or contractual right for Defendant to charge contingent collection costs, untied to actual collection costs, on ITCC accounts.

44. Defendant's violations of the FDCPA caused the Plaintiff actual harm, in seeking and collecting an amount from the Plaintiff in excess of what she actually owed, in depriving the Plaintiff of information that he was statutorily entitled to, in subjecting the Plaintiff to improper and deceptive collection activity in violation of the Plaintiff's statutorily created rights to be from such a debt collector's inappropriate attempts to collect a debt, and in subjecting the Plaintiff to false, deceptive, unfair and unconscionable means to collect a debt.

45. Defendant's violations of the FDCPA also carried the real risk of harm that the Plaintiff would pay an amount in excess of what she actually owed and in excess of what Defendant could legally collect or attempt to collect.

## COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692e** *et seq.*

46. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

47. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated

various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e(2).

48. The Defendants violated said sections by falsely representing the amount of the debt in violation of 15 U.S.C. §1692e(2)(A).

49. Pursuant to 15 U.S.C. § 1692e and § 1692e(10), a debt collector may not use any false, misleading and/or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

50. The Defendant violated 15 USC § 1692e(10) by failing to disclose in their collection letters that the debt being sought included an undisclosed 25% fee attributed to 'collection costs.'

51. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

52. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

53. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated 15 U.S.C. § 1692(f) of the FDCPA.

54. Pursuant to 15 U.S.C. § 1692(f)1, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section: (1) The collection of any amount (including interest, fee, charge or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

55. Defendants violated said section by charging a collection cost not expressly authorized by the agreement creating the debt or permitted by law.

56. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Marcus & Zelman, LLC, as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(d) Awarding pre-judgment interest and post-judgment interest; and

(e) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: September 15, 2017

*/s/ Yitzchak Zelman*
Yitzchak Zelman, Esq.
MARCUS ZELMAN, LLC
1500 Allaire Avenue, Suite 101
Ocean, New Jersey 07712
(732) 695-3282 telephone
(732) 298-6256 facsimile
*Attorneys for Plaintiff*